### FRANCIS MORRELL vs. JAMES GIBSON.

Facts and circumstances upon which a defendant will be let in to defend on terms, where a verdict has been taken against him. Where terms are imposed, of payment of costs and judgment to stand as security, &c., no costs for entering judgment will be included, where judgment has not already been entered, plaintiff must enter the judgment at his own expense in such a case.

*Motion by defendant to set aside the verdict taken in this cause, and allowing defendant to come in and defend.*—Edwin C. Litchfield, defendant's attorney, stated that this was an action for assault and battery;

was noticed for trial, and on the calendar at the Albany circuit, in April, 1845. It was on the day calendar for the 23d April; on the adjournment of the court at noon, the court was engaged in the trial of an ejectment suit; the court adjourned to meet at 3 o'clock P. M.; after the adjournment he saw the plaintiff's attorney in the ejectment suit on the trial, and inquired of him how long the trial of said cause would occupy, and was informed by the attorney, three or four hours longer. Litchfield thereupon went to attend upon another legal engagement previously made, and was engaged therein until about half past 5 or 6 o'clock P. M., and on going to the circuit, he found this cause had been called on for trial, and concluded; and the jury were then out and soon returned and rendered a verdict for plaintiff of one hundred dollars, no one having appeared on the part of the defence. Before the adjournment of the court at noon, on the 23d, Litchfield stated he enquired of George W. Peckham, Esq., plaintiff's counsel, whether three different causes in which Peckham was engaged, and standing before this on the calendar, would be tried, and was informed by Peckham that they would; and that they would occupy at least two or three hours. Litchfield believed in consequence thereof, and of the information received in regard to the ejectment suit, that this cause could not be reached on the 23d April, he therefore left to attend to his engagement, as before mentioned. Gibson, the defendant, swore to merits, and that he was in attendance at the circuit aforesaid with his witnesses prepared for trial—that he left court with one of his witnesses about 4 or 5 o'clock in the afternoon of the 23d April, (another cause was then occupying the court) he supposed that the trial then on, would occupy the remainder of the afternoon; when he returned to court, in an hour or two, he found a verdict had been taken in this cause. George W. Peckham, one of the attorneys and of counsel for plaintiff, stated that he frequently and repeatedly urged defendant's attorney after the 15th of April, during the circuit, to have this cause set down for some particular day of the circuit, as it was at considerable expense, that the plaintiff, who was a poor colored man, had to attend with his witnesses daily at the circuit, and the circuit judge was very liberal in setting down causes for the accommodation of parties and witnesses; but the defendant's attorney refused to do so, giving as a reason that his client would not consent to it. Peckham also stated that he did not recollect distinctly the language he used, but he thought it impossible that he could have told defendant's attorney, that certain other causes he enquired about, would take at least two or three hours, as he had an impression that the causes would occupy about the time which it turned

14

out they did on the trial, and which was previously supposed. He thinks he told defendant's attorney that they might not occupy near as much time as supposed, and but a little time, or words to that effect. Defendant's attorney said nothing to him about leaving court the 23d until he returned; and from the course pursued by defendant's attorney under the instructions of his client, he was satisfied that the design was to have this cause passed when the plaintiff was not ready, and thus get rid of its trial, from the inability of plaintiffs to pay the costs which would thereby be incurred.

N. HILL Jr., *Defts Counsel.*          E. C. LITCHFIELD, *Defts Atty.*

R. W. PECKHAM, *Plffs Counsel.*          PECKHAMS & COLT, *Plffs Attys.*

JEWETT, Justice.—Granted the motion, on payment of costs of opposing motion and of the circuit. Plaintiff to be permitted to enter judgment *to stand as security.* It was also decided by the court that no costs of the judgment should be allowed, as it was not then entered up : it must be entered up at the plaintiff's expense.